UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

GLEN CARWELL,

                           Plaintiff,

      -against-

CITY OF NEW YORK, CARLOS LOZADA, AND
JOHN OR JANE DOE 1-10,

                         Defendant.

-------------------------------------------------------------------X

**COMPLAINT**

**Demand for Trial by Jury**

ECF Case No.:
Docket No.:

      Plaintiff, Glen Carwell, by and through the undersigned attorneys, Sim & DePaola, LLP, as and for his complaint against the Defendants, City of New York, Carlos Lozada, and John or Jane Doe 1-10, hereby alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 for violations of his civil rights as guaranteed and protected by the Fourth, Sixth and Fourteenth Amendments, in addition to violations of the Laws and Constitution of the State of New York.

2.      These claims arise from a July 26, 2018 incident in which Defendants, including Carlos Lozada and John or Jane Doe 1-10, acting under color of state law, unlawfully stopped, arrested, seized and detained Mr. Carwell without a valid warrant, reasonable suspicion or probable cause to do so. Mr. Carwell was subsequently charged with Robbery in the First, Second and Third Degree, Grand Larceny in the Fourth Degree, Menacing in the Second Degree, Petit Larceny and Harassment in the Second Degree.

3.      The above referenced acts caused Mr. Carwell to be deprived of his liberty, denied due process of the laws, and to further sustain various emotional and physical injuries.

4.      Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as This Court deems just and proper.

## JURISDICTION

5.      This action arises under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 and pursuant to the Laws and Constitution of the State of New York.

6.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

7.      Venue is laid within the Southern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claims occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8.      Plaintiff, Glen Carwell ("Mr. Carwell"), is an African-American male, who resides in the County of the Bronx, City and State of New York.

9.      The Defendant, City of New York ("City"), is a municipal corporation duly organized and existing under the laws of the State of New York.

10.     At all times relevant herein, the New York City Police Department ("NYPD") is and was a wholly owned subsidiary which is fully owned, operated, managed, maintained and controlled by Defendant City.

11.     At all times relevant herein, Defendant City, acting through its New York City Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of

all NYPD matters and was further responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

12.     At all times relevant herein, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

13.     At all times relevant herein, Defendant, CARLOS LOZADA ("LOZADA"), was a police officer or detective employed by the NYPD and, as such, was acting in the capacity of agent, servant and employee of Defendant City. Defendant LOZADA was, at all times relevant herein, a detective under Shield No. 1174 and Tax Id. 930601, assigned to the 42nd Precinct of the NYPD, located at 830 Washington Avenue, Bronx, NY 10451. Defendant LOZADA is being sued in his individual and official capacity.

14.     At all times relevant herein, Defendants JOHN OR JANE DOE 1-10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD.  At this time, Plaintiff does not know the true names, shield numbers, or tax registry numbers of JOHN OR JANE DOE 1-10; however, upon information and belief, such knowledge is within possession of the Defendants.

15.     At all relevant times herein, Defendants JOHN OR JANE DOE 1-10 were acting as agents, servants and employees of the City of New York, the NYPD.  Defendants JOHN OR JANE DOE 1-10 are being sued in their individual and official capacities.

16.     At all relevant times herein, Defendants were acting under color of state law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

17.     Plaintiff served a notice of claim upon the City of New York in compliance with Section fifty-e of the New York General Municipal Law (GML § 50-e).

18.     At least thirty (30) days have elapsed since the service of said notice, and adjustment or payment thereof has been neglected or refused.

19.     Plaintiff complied with the municipal Defendant's demand for an examination pursuant to GML § 50-h.

20.     This action and associated claims have been commenced within one-year-and-ninety-days after the occurrences upon which they are based with respect to Plaintiff's claims brought under state law. Plaintiff's claims brought under 42 USC 1983 were brought within three (3) years of their accrual.

21.     Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, an award of costs and reasonable attorneys' fees, and such other and further relief as This Court may deem just and proper.

## **FACTUAL CHARGES**

22.     On June 28, 2018, at approximately 10:00 a.m., Mr. Carwell was lawfully present inside his premises located at 48 Lincoln Terrace, Apartment 3 in the City of Yonkers, County of Westchester, State of New York.

23.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, unlawfully entered Plaintiff's apartment and illegally stopped, assaulted, battered, searched and seized Plaintiff without any legal basis or justification for doing so. To the extent a warrant was obtained, Plaintiff contends that such was acquired through misleading, incomplete or fraudulent information provided to the issuing Judge.

24.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, illegally searched Mr. Carwell's person by patting him down, emptying his pockets, searching inside his waistband, despite the clear lack of any indication that he possessed or harbored any weapons or contraband.

25.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, then violently contorted Mr. Carwell's arms behind his back to which they affixed metal handcuffs in an excessively tight fashion, causing him to suffer substantial injury, pain and discomfort.

26.     Mr. Carwell pleaded with Defendants, including LOZADA and JOHN OR JANE DOE 1-10, to loosen the handcuffs, but said pleas were ignored.

27.     Mr. Carwell was thereafter physically removed against his will to 42nd NYPD precinct, where he was subjected to various indignities, including a strip-search, fingerprinting, retina scans and compelled confinement in a cramped precinct cell.

28.     Mr. Carwell was eventually removed to Bronx County Central Booking, where he awaited arraignment.

29.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, knowingly and intentionally conveyed false, fabricated, misleading, or incomplete information to the District Attorney's Office, namely that Mr. Carwell committed or conspired to commit the aforesaid violent and criminal acts.

30.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, knowingly and intentionally presented false, fabricated, misleading, or incomplete information to the Grand Jury in order to obtain an indictment, despite the fact that they lacked evidence to connect Plaintiff with the aforesaid criminal activity.

31.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, falsely accused Mr. Carwell of committing aforesaid violent and criminal acts, despite no actual evidence to support such unfounded allegations.

32.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, fabricated fictitious events and occurrences, which were then falsely attributed to Mr. Carwell, namely that Mr. Carwell had committed aforesaid criminal acts.

33.     Upon arrival at the precinct, Defendants, including LOZADA and JOHN OR JANE DOE 1-10, conducted or authorized an illegal strip search of Mr. Carwell's person, as there was no reasonable suspicion or probable cause to believe that any contraband had been secreted into Plaintiff's undergarments or into a body cavity.

34.     Defendant LOZADA filed an accusatory instrument knowing the false and perjurious nature of the allegations within.

35.     Plaintiff asserts that due to the clear absence of any viable probable cause to warrant his criminal prosecution at any point, he was denied his right to fair trial and maliciously prosecuted from the moment of his arraignment, until the criminal proceedings terminated in his favor when all adverse against Mr. Carwell were dismissed on January 15, 2020.

36.     At all times relevant herein, the Defendants, including LOZADA and JOHN OR JANE DOE 1-10, were involved in the decision to arrest Plaintiff without probable cause, or failed to intervene when they observed others arresting Plaintiff without probable cause.

37.     Defendant City has engaged in a policy, custom, or pattern and practice of stopping individuals of ethnic minorities without probable cause or reasonable suspicion to do so,

38.     Mr. Carwell asserts that the aforementioned unlawful acts committed by Defendants are representative of a pervasive policy, custom or pattern and practice within the City of New York and the NYPD in particular.

39.     Mr. Carwell asserts that Defendants, including LOZADA and JOHN OR JANE DOE 1-10, illegally approached, stopped, searched, and then falsely arrested him, due to discriminatory prejudices against African-American males, their intent to use the instant arrest as leverage against Mr. Carwell, so that he would provide Defendants with information regarding other crimes or criminal suspects, and their desires to fulfill an unconstitutional arrest quota and to benefit from increased overtime compensation.

40.     Mr. Carwell further asserts that Defendants, including LOZADA and JOHN OR JANE DOE 1-10, acted in such an unlawfully reprehensible manner, due to their unsubstantiated and unreasonable presumption that Mr. Carwell would be aware of serious ongoing criminal activity or that he was actively committing a crime himself, because of his status as an African-American male.

41.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, arrested and maliciously prosecuted Plaintiff, because of their racially discriminatory beliefs, which compelled defendants to equate to Mr. Carwell's race to criminal guilt or criminal knowledge.

42.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, perpetrated multiple overt acts in furtherance of their obviously discriminatory inclinations, namely the stop, searches, assaults, batteries, seizure, arrest, and malicious prosecution against Plaintiff, even after they were unable to discover any evidence to justify such conduct.

43.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, unlawfully stopped, questioned, searched, seized, arrested, and maliciously prosecuted plaintiff, due to Defendants' perception or consideration of Mr. Carwell's race.

44.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, possessed no valid reason to approach, stop, question, search or arrest Plaintiff, which gives rise to the strong inference that such conduct resulted from Defendants' unjust motivations or proclivities.

45.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, subjected Mr. Carwell to disparate treatment compared to other individuals similarly situated, because Defendants did not stop and accuse white individuals, who had engaged in activity identical to the kind that resulted in plaintiff's illegal search and seizure, namely aforesaid violent and criminal acts.

46.     Defendants, including LOZADA and JOHN OR JANE DOE 1-10, engaged in a conspiracy to falsely arrest and maliciously prosecute Mr. Carwell by personally conferring with each other where Plaintiff was actually arrested, regarding the fabrication of the aforementioned non-existent evidence the suppression of exculpatory evidence, as well the manner and means by which said fabrications would be forwarded to the District Attorney's Office.

47.     Mr. Carwell asserts that the Defendants, including LOZADA and JOHN OR JANE DOE 1-10, who violated his civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the NYPD and the City of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD and City of New York or, at the very least, conclusive evidence that the City and the NYPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact with their police officers.

48.     The individually named defendants herein, as well as other officers serving in the employ of the NYPD and City of New York, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD, the City of New York and their respective policymakers and supervisors.

49.     *The New York Times*, as well as numerous other reputable journalistic enterprises, have reported on the widespread corruption within the NYPD and City of New York, particularly the incredibly disconcerting proclivity of many NYPD officers to lie about subject matters that are materially relevant to criminal prosecutions, including the complete fabrication of arrest evidence and witnesses. Attached hereto, as Exhibit A, and incorporated by reference herein, are various articles and reports detailing the magnitude and overwhelming prevalence of incidents, in which NYPD officers were caught lying, including instances that resulted in the arrest and imprisonment of innocent people. Also detailed, is the NYPD's obstinate refusal to effectuate corrective or preventive measures to combat the inevitable recurrence of such misdeeds, and perhaps most troubling, the NYPD's alarming tendency to, instead, reward and promote these officers, including those who were inculpated via some incontrovertible form of evidence.

50.     On March 18, 2018, *The New York Times* published an explosive article, entitled "Promotions, Not Punishments for Officers Accused of Lying," written by Joseph Goldstein. Mr. Goldstein shines a light on the multitude of flaws within the CCRB and the NYPD, highlighting the fact that the substantiation of a claim against an officer will invariably rely on the presence of incontrovertible proof against the officer. Due to the rarity availability of this type of evidence, an alarmingly small percentage of officer misconduct claims are substantiated. The CCRB is further

handicapped by a terribly designed system that requires evidence of a virtually indisputable nature to substantiate any claim against an officer. The article also details the NYPD's persistent reluctance to investigate or discipline officers who lie and even posits that this reluctance is a significant cause of the lying pandemic within the NYPD. The article references various officers and detectives who were the subject of credible accusations relating to the officers' intentionally false statements, with some allegations coming from federal and state judges.

51.    On September 12, 2019, *The New York Times* published another article by Joseph Goldstein, entitled "Officers Said They Smelled Pot. The Judge Called Them Liars." Unsurprisingly, this article dealt with the unusually high frequency of officers using the odor of marijuana to excuse a search that conspicuously does not result in the recovery of any marijuana. It should not require an article in *The New York Times* to call attention to such patently disingenuous tactics, but has become necessary for a variety of reasons, including the NYPD's failure to correct such behavior, the willingness of prosecutors and judges to credit the lying officers and the increasing rate of occurrence.

52.    On April 24, 2019, *The New York Times* published an article, entitled "Detective's Lies Sent Three People to Prison, Prosecutors Charge," by Sean Piccolo, detailing the lies of NYPD Second Grade Detective Joseph Franco and how those lies resulted in the imprisonment of at least three innocent people. The article described how Det. Franco lied about observing drug transactions on at least three separate occasions, lies that were only uncovered through contradictory video evidence. Det. Franco's lies resulted in the innocent individuals each being sentenced to prison terms in excess of one-year.

53.    Other articles include: (i) "Testifying' by Police: A Stubborn Problem.," by Joseph Goldstein, *The New York Times*, March 18, 2018; (ii) "New York Detective Charged with Faking

Lineup Results," by Joseph Goldstein, *The New York Times*, February 17, 2018; (iii) "He Excelled as a Detective, Until Prosecutors Stopped Believing Him," by Joseph Goldstein, *The New York Times*, October 17, 2017; (iv) "Review Board Notes Rise in New York Police Officers' False Statement," by J. David Goodman, *The New York Times*, May 14, 2015; (v) "In Brooklyn Gun Cases, Suspicion Turns to the Police," by Stephanie Clifford, *The New York Times*, December 11, 2014; (vi) "Detective is Found Guilty of Planting Drugs," by Tim Stelloh, *The New York Times*, November 1, 2011; and (vii) "The Drugs? They Came From the Police," by Jim Dwyer, *The New York Times*, October 13, 2011.

54.     The NYPD has a longstanding and ignominious record of failing to discipline its officers, or even entertaining allegations of wrongdoing against them. On June 26, 2019, *The New York Times* published an article, entitled "2,495 Reports of Police Bias. Not One Was Deemed Valid by the N.Y.P.D." This article reported that within the last five (5) years, almost 2,500 separate individuals have filed formal complaints with the NYPD alleging that an officer acted with bias toward them, with not a single one being substantiated by the NYPD. Such a finding is plainly incredible and obviously the result of deliberately poor or nonexistent investigatory protocols. The report further impugned the NYPD's commitment to combat the prejudices and the biases exhibited by many of its officers.

55.     Upon information and belief, the NYPD, the City of New York, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the NYPD that resulted in Plaintiff's arrest without probable cause.

56.     Upon information and belief, the NYPD, the City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

57.     Defendants' actions, pursuant to Plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of Plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the NYPD and the City of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with Defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD and City of New York.

58.     Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD, City of New York and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of Defendants, the NYPD and City of New York.

59.     Upon information and belief, the personnel files, records and disciplinary histories of the officer Defendants will reveal a history of Constitutional violations indicative of Defendant City's knowledge that the individual officer Defendants were unfit for employment as NYPD officers, or for employment in general, and that the probability of the individually named Defendants committing similar violations in the future was extremely high.

60.     Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City and the NYPD were fully aware of Defendants' past constitutional

violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the City's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, including LOZADA and JOHN OR JANE DOE 1-10.

61.     Upon information and belief, the NYPD and City of New York and have failed, or outright refused, to correct the individually named Defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct

62.     The aforementioned acts of Defendants, including the City, LOZADA and JOHN OR JANE DOE 1-10, directly or proximately resulted in the deprivation or violation of Plaintiff's civil rights, as guaranteed and protected by the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New York.

63.     As direct or proximate results of said acts, Plaintiff was caused to suffer the loss of his liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

### FIRST CAUSE OF ACTION
Unlawful Search and Seizure Under
New York State Law

64.     The above paragraphs are here incorporated by reference as though fully set forth.

65.    Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

66.    Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

67.    Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

68.    The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

69.    Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution and Article I, Section 12, of the New York State Constitution.

70.    Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

71.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Unlawful Search and Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

72.    The above paragraphs are here incorporated by reference as though fully set forth.

73.    Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

74.    Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

75.    Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

76.     The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

77.     Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution and Article I, Section 12, of the New York State Constitution.

78.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
False Arrest and False Imprisonment Under
New York State Law

79.     The above paragraphs are here incorporated by reference as though fully set forth.

80.     Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

81.     Plaintiff was conscious of his confinement.

82.     Plaintiff did not consent to his confinement.

83.     Plaintiff's arrest and false imprisonment was not otherwise privileged.

84.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

85.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

86.     The above paragraphs are here incorporated by reference as though fully set forth.

87.     The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

88.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

89.     At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

90.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Assault and Battery Under
New York State Law

91.     The above paragraphs are here incorporated by reference as though fully set forth.

92.     Defendants made Plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful or offensive touching.

93.     Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

94.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

95.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

96.     The above paragraphs are here incorporated by reference as though fully set forth.

97.     The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

98.     Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

99.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

100.    The above paragraphs are here incorporated by reference as though fully set forth.

101.    Defendants initiated the prosecution against Plaintiff.

102.    Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

103.    Defendants acted with malice, which may be inferred in the absence of probable cause.

104.    The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

105.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

106.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

107.    The above paragraphs are here incorporated by reference as though fully set forth.

108.    Defendants initiated the prosecution against Plaintiff.

109.    Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

110.    Defendants acted with malice, which may be inferred in the absence of probable cause.

111.    The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

112.    Accordingly, Defendants violated Plaintiff's Fourteenth Amendment rights.

113.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

114.    The above paragraphs are here incorporated by reference as though fully set forth.

115.    Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

116.    Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

117.    Defendants intended to inflict substantial harm upon Plaintiff.

118.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

119.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

120.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

121.    The above paragraphs are here incorporated by reference as though fully set forth.

122.    Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

123.    Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

124.    Defendants intended to inflict substantial harm upon Plaintiff.

125.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

126.    Defendants' actions deprived Plaintiff of his right to free from illegal searches and seizures, as well as his right not to be deprived of his liberty without the due process of law.

127.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
New York State Law

128.    The above paragraphs are here incorporated by reference as though fully set forth herein.

129.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

130.    Defendants forwarded said false information to the District Attorney's Office.

131.    Defendants' actions resulted in post-arraignment deprivation to Plaintiff's liberty and freedom of movement.

132.    Accordingly, Defendants violated Plaintiff's right to a fair trial, pursuant to Article I, Sections 1, 2 and 6 of the New York State Constitution, as well Article II, Section 12, of the New York State Civil Rights Law.

133.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

134.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

135.    The above paragraphs are here incorporated by reference as though fully set forth.

136.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

137.    Defendants forwarded said false information to the District Attorney's Office.

138.    Defendants' actions resulted in post-arraignment deprivation to Plaintiff's liberty and freedom of movement.

139.    Accordingly, Defendants violated Plaintiff's right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to United States Constitution

140.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
New York State law

141.    The above paragraphs are here incorporated by reference as though fully set forth herein.

142.    Plaintiff, as a African-American male, is a member of a racial minority and protected class.

143.    Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity.

144.     Defendants also engaged in the selective of Plaintiff, in comparison to others similarly situated.

145.     Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff's exertion of his Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

146.     Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

147.     Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

148.     Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

149.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

150.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## <u>FOURTEENTH CAUSE OF ACTION</u>
Deprivation of Rights and Denial of Equal Protection of the Laws under
42 U.S.C. §§ 1981 and 1983 Against Individual Defendants

151.     The above paragraphs are here incorporated by reference as though fully set forth herein.

152.     Plaintiff, as a African-American male, is a member of a racial minority and protected class.

153.     Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity

154.     Defendants also selectively treated Plaintiff in comparison to others similarly situated.

155.     Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff's exertion of his Constitutional rights, or malicious or bad faith intent to injure Plaintiff.

156.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

157.    Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

158.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

159.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**<u>FIFTEENTH CAUSE OF ACTION</u>**
Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under
42 U.S.C. §§ 1981, 1983, 1985 and 1986 Against Individual Defendants

160.    The above paragraphs are here incorporated by reference as though fully set forth herein.

161.    Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of the equal protection of the laws, or of the privileges and immunities under the laws.

162.    Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

163.    Plaintiff sustained injuries to his person or was deprived of rights or privileges of citizens of the United States.

164.    Defendants' conspiracy was motivated by some racial, or otherwise class-based, invidious discriminatory animus.

165.    The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be committed or being committed, possessed the power to prevent or aid, and neglected to do so.

166.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTEENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

167.    The above paragraphs are here incorporated by reference as though fully set forth herein.

168.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

169.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

170.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTEENTHCAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

171.    The above paragraphs are here incorporated by reference as though fully set forth herein.

172.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

173.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

174.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTEENTH CAUSE OF ACTION
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

175.    The above paragraphs are here incorporated by reference as though fully set forth.

176.     Defendant City owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee Defendants.

177.     Defendant City breached those duties of care.

178.     Defendant City placed Defendants in a position where they could inflict foreseeable harm.

179.     Defendant City knew or reasonably should have known of its employee Defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

180.     Defendant City failed to take reasonable measures in hiring, training, retaining and supervising its employee Defendants that would have prevented the aforesaid injuries to Plaintiff.

181.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINETEENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

182.     The above paragraphs are here incorporated by reference as though fully set forth.

183.     Defendant City maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

184.     Defendant City's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

185.     Defendant City and its policymakers failed to provide adequate training or supervision to their subordinates to such an extent that is tantamount to a deliberate indifference toward the rights of those who may come into contact with Defendant City's employees.

186.    Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by Defendant City and its policymakers toward the rights of individuals, who may come into contact with Defendant City's employees.

187.    Defendant City's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

188.    Defendant City's conduct caused the violation of Plaintiff's civil rights, pursuant to Constitution of the United States.

189.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)    Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)    Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

**e)**    Granting such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated: January 18, 2021

                                                   Respectfully submitted,

                                              _S/ Sameer Nath, Esq.____
                                              Sameer Nath, Esq.
                                              Bar Number: 5403662
                                              Sim & DePaola, LLP
                                              *Attorneys for Mr. Carwell*
                                              4240 Bell Blvd - Ste 201
                                              Bayside, NY 11361
                                              T: (718) 281-0400
                                              F: (718) 631-2700
                                              snath@simdepaola.com