MEMO ENDORSED

# SIM & DEPAOLA, LLP

*Attorneys-at-Law*
42-40 Bell Boulevard – Suite 405
Bayside, New York 11361
(718) 281-0400

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/2022
```

March 28, 2022

**BY ECF**
Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *Glen Carwell v. City of New York, et al.*
               Docket No. 21-cv-480 (VEC)

Your Honorable Judge Caproni:

      I am a partner of the law firm of Sim & DePaola, LLP, counsel for the Plaintiff, Mr. Glen Carwell. This letter motion is respectfully submitted jointly with Plaintiff's co-counsel, Mr. Sameer Nath, Esq., in response to the Court's Order to Show Cause (ECF Doc. 39) why Samuel C. DePaola and Sameer Nath, counsels for the Plaintiff, should not be personally sanctioned for failing to pay Defendants' costs, as agreed, and for failing to respond to the Court's Order, dated March 14, 2022, by March 25, 2022 (ECF Doc. 38), and also to request the issuance of an Order directing Defendants to provide proof payment of said deposition costs, so that Plaintiff's counsel may be request and be issued a refund for the payment that remitted directly to Veritext, the court reporting agency retained by Defendants.

      It is respectfully submitted that the undersigned attorneys, Samuel C. DePaola and Sameer Nath, should not be personally sanctioned for failing to pay Defendants' costs relative to the aborted deposition of Plaintiff, as agreed, or for failing to respond to the Order of this Court, dated March 14, 2022 (ECF Doc. 38), by March 25, 2022, for the ensuing reasons.

      First and foremost, the undersigned attorneys, Samuel C. DePaola and Sameer Nath, respectfully advise the Court of their compliance with all prior Orders concerning payment of the costs incurred by Defendants relative to the aborted deposition of Plaintiff (ECF Doc. 37-39), which was noticed to proceed on January 18, 2022. On March 16, 2022, Check No. 2225, dated March 9, 2022, for the sum of $39.40, payable to the order of Veritext, the court reporting agency retained for the deposition of Plaintiff by Defendants, was posted. Check posting confirmation from JPMorgan Chase Bank has been attached, hereto, as Plaintiff's **Exhibit 1**. Shortly thereafter, on March 25, 2022, Check No. 2235, dated March 17, 2022, for the sum of

$39.40, payable to the order of the New York City Law Department – Fiscal Department, was posted. Check posting confirmation from JPMorgan Chase Bank has been attached, hereto, as Plaintiff's **Exhibit 2**. As such, it is respectfully asserted that Plaintiff's counsel has complied with all prior Orders of this Court (ECF Doc. 37-39) and that no sanctions should be imposed upon the undersigned for the failure of Defendants to comply with said Orders by certifying receipt of payment for said deposition costs.

On March 9, 2022, counsel for defendants, Ms. Morgan C. McKinney, served the undersigned via email with a billing invoice from the court reporting agency, Veritext, for the sum of $39.40, representing the total amount of costs incurred by Defendants, and which ostensibly remained outstanding. Said billing invoice is attached, hereto, as Plaintiff's **Exhibit 3**. Shortly thereafter, on March 9, 2022, Check No. 2225, for the sum of $39.40, payable to order of Veritext, was sent via First-Class Mail to Veritext. See **Ex. 1**. Said check was then deposited to the order of Veritext on March 16, 2022. See *id*. It should also be noted that the Order of this Court, dated March 4, 2022, directed Defendants to certify receipt of payment via ECF (ECF Doc. 37).

On March 14, 2022, this Court entered an Order (ECF Doc. 38) directing Plaintiff's counsel to reimburse Defendants for the costs of the aborted deposition by March 25, 2022, or, by the same date, show cause why the Court should not order him to do so, pursuant to 28 U.S.C. § 1927. The following day, on March 15, 2022, Samuel C. DePaola advised defense counsel, Ms. McKinney, via email that payment for the costs incurred by defendants had been remitted in the form of a check made payable to the order of Veritext, the court reporting agency retained by defendants, for the sum of $39.40, as the invoice stated that said sum remained outstanding. Said email further inquired as to whether this method of payment was acceptable to Defendants, and, if not, requested proof of payment by Defendants, so that such could be included in the anticipated request for a refund from Veritext. On March 17, 2022, Ms. McKinney responded via email stating:

> This form of payment is **not** acceptable to defendants. The Court Order was clear that you were to pay the defendants, not Vertiext (sic), for the deposition cost. If you had a question about this, you should have reached out to me first before mailing out that check. Please mail another check, to be made out to "New (sic) City Law Department, Fiscal Department." Please also feel free to void the first check you mailed out. Please also confirm with me through email, once you have placed the second corrected check made out to "New (sic) City Law Department, Fiscal Department" in the mail. Thank you.

Plaintiff's **Exhibit 4** at *1 (emphasis in original).

That same day, on March 17, 2022, pursuant to the directions of Ms. McKinney, Check No. 2235, for the sum of $39.40, payable to the order of the New York City Law Department, Fiscal Department, was mailed to Defendants. See **Ex. 2** and **Ex. 4** at *3. Said check was deposited by Defendants on March 25, 2022. See *id*. As such, it is respectfully submitted that payment for the costs incurred by Defendants relating to the aborted deposition of Plaintiff has been remitted via the above-referenced checks

deposited by Veritext and the New York City Law Department, Fiscal Department, on March 16, 2022, and March 25, 2022, respectively. To date, Defendants have not provided proof of payment regarding the aforementioned deposition costs that were *twice* paid for Plaintiff's counsel.

In addition to the above-described compliance with the Orders of this Court, it is further respectfully submitted that no sanctions should issue, because the undersigned counsels were under the belief, perhaps mistakenly, that a response to the Order of this Court, dated March 14, 2022 (ECF Doc. 38), was required only in the event that Plaintiff's counsel failed to reimburse Defendants by March 25, 2022, whereby this Court ordered Plaintiff's counsel to show cause why this Court should not order him to do so, pursuant to 28 U.S.C. § 1927.

Accordingly, it is respectfully submitted that no sanctions should be imposed for failing to respond to the Order of this Court, dated March 14, 2022, as no response was believed to be necessary, because counsels complied with said Order, in addition to all prior orders referenced therein (ECF Doc. 37-39), by remitting payment for the deposition costs incurred by Defendants via the aforementioned checks made payable to the order of Veritext and the New York City Law Department, Fiscal Department, which were posted, as deposited, on March 16, 2022, and March 25, 2022, respectively. *See* **Ex. 1** and **Ex. 2**.

Whereas, earlier today, on March 28, 2022, this Court ordered Plaintiff's counsel to reimburse Defendants for the costs of the aborted deposition by April 1, 2022, for Defendants to certify as much by April 4, 2022, and for Samuel C. DePaola and Sameer Nath to show cause why they should not be personally sanctioned for failing to pay Defendants' costs, as agreed, and for failing to respond to the Order of this Court, dated March 14, 2022;

Wherefore, it is respectfully submitted that (i) the undersigned counsels, Messrs. Samuel C. DePaola and Sameer Nath, should not be subject to sanctions with respect to the failure to respond the Order of this Court, dated March 14, 2022, or the failure to pay the deposition costs incurred by Defendants, as agreed, because payment was remitted directly to Veritext, the court reporting agency retained by Defendants, and, again, thereafter, directly to Defendants, who failed to certify payment thereof with this Court, via ECF, as directed via the Order of this Court, dated March 4, 2022, and who have also failed to provide Plaintiff's counsel with proof of payment with respect to said deposition costs, as requested, and that (ii) this Court enter an Order directing Defendants to provide proof of payment to Veritext, so that Plaintiff's counsel may be issued a refund for the payment of deposition costs remitted directly to Veritext; together with such other or further relief as this Court may deem just and proper.

Thank you for your consideration herein.

> Respectfully submitted,
>
> /s/ *Samuel C. DePaola*
> Samuel C. DePaola, Esq.
> *Attorney for Plaintiff*
> sdepaola@simdepaola.com
>
> /s/ *Sameer Nath*
> Sameer Nath, Esq.
> *Attorney for Plaintiff*
> snath@simdepaola.com

---

Defendants' counsel is ordered to confirm by no later than **March 30, 2022**, that the Law Department has received the $39.40 Plaintiff's counsel represents was paid. Assuming the money was paid as represented, the Court will not sanction Plaintiff's counsel.

That said, Plaintiff's counsel's unprofessional and discourteous behavior must stop. Had Plaintiff's counsel discussed with Defendants' counsel immediately how to satisfy their obligations, they would have learned that the Law Department wanted the check to come to it, not to Veritext, and this whole matter could have been ended without the Court needing to issue two additional orders.

Instead, by failing to communicate, Plaintiff's counsel forced the Court to issue its March 14, 2022 Order. In response to that Order, Plaintiff's counsel first communicated to Defendants' counsel and learned that their decision to pay Veritext directly was not acceptable. Rather than simply cutting another check and working out nicely with Defendants' counsel how to recoup the money erroneously paid to Veritext, Plaintiff's counsel wrote a snide email to their opponent. Even then – knowing on March 17, 2022 that their payment had been delayed – Plaintiff's counsel did not think it worthwhile to notify the Court why there was a delay, thereby forcing the issuance of yet another Order.

Because Plaintiff's counsel created this problem, the Court will not order Defendants' counsel to provide Plaintiff's counsel with proof that Veritext has been paid. I recommend Plaintiff's counsel try to work out something with Defendants' counsel on their own.

---

SO ORDERED.

*Valerie Caproni*  3/29/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

- 4 -

# CHASE *for* BUSINESS

**$39.40**
Total

Mar 16, 2022
Post date

2225
Check #



# CHASE *for* BUSINESS

| | | |
|---|---|---|
| **$39.40**<br>Total | Mar 25, 2022<br>Post date | 2235<br>Check # |



**Diamond Reporting a Veritext Company - New York Region**

Tel. 718-624-7200 Email: billing-diamond@veritext.com
Fed. Tax ID:


**VERITEXT**
LEGAL SOLUTIONS

*lucky*   February 9, 2022

2021 - 002540

Bill To: Morgan C. McKinney
New York City Law Department
100 Church Street
New York, NY, 10007

| | |
|---|---|
| Invoice #: | 5555505 |
| Invoice Date: | 2/4/2022 |
| Balance Due: | $39.40 |

**Case:** Carwell, Glen v. City Of New York (2021CV00480)

**Proceeding Type:** Depositions

Job #: 5039361 | Job Date: 1/18/2022 | Delivery: Normal
Location: New York, NY
Billing Atty: Morgan C. McKinney
Scheduling Atty: Morgan C. McKinney | New York City Law Department

| | |
|---|---|
| Appearance: | AM |
| Ctl No: | 22-0132 |
| Division: | SFL |
| Law Mngr: | 2021-002540 |

**Witness: Gein Carwell**

| | Quantity | Price | Amount |
|---|---|---|---|
| Original with 2 Certified Transcripts | 4.00 | $3.60 | $14.40 |
| Attendance | 1.00 | $25.00 | $25.00 |
| Veritext Virtual Primary Participants | 1.00 | $0.00 | $0.00 |

Notes: 0&2 – no split

| | |
|---|---|
| Invoice Total: | $39.40 |
| Payment: | $0.00 |
| Credit: | $0.00 |
| Interest: | $0.00 |
| Balance Due: | $39.40 |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information



| Pay by Check - Remit to: | Pay By ACH (Include invoice numbers): | | |
|---|---|---|---|
| Veritext | | Invoice #: | 5555505 |
| P.O. Box 71303 | | Invoice Date: | 2/4/2022 |
| Chicago IL 60694-1303 | | Balance Due: | $39.40 |
| Fed. Tax ID: 20-3132569 | | | |

54601

3/28/22, 4:12 PM
Case 1:21-cv-00480-VEC Document 41-4 Filed 03/29/22 Page 8 of 11
Payment of City's Expenses ($39.40) for Canceled Deposition of Plaintiff, Glen Carwell (SDNY)

RE: [EXTERNAL] Payment of City's Expenses ($39.40) for Canceled Deposition of Plaintiff, Glen Carwell (SDNY)

From: McKinney, Morgan (Law) (mmckinne@law.nyc.gov)

To: sdepaola@simdepaola.com

Cc: psim@simdepaola.com; snath@simdepaola.com

Date: Thursday, March 17, 2022, 01:03 PM EDT

Good Afternoon Sam,

This form of payment is **not** acceptable to defendants. The Court Order was clear that you were to pay the defendants, not Vertiext, for the deposition cost. If you had a question about this, you should have reached out to me first before mailing out that check. Please mail another check, to be made out to " New City Law Department, Fiscal Department." Please also feel free to void the first check you mailed out. Please also confirm with me through email, once you have placed the second corrected check made out to " New City Law Department, Fiscal Department" in the mail. Thank you.

Best,

Morgan C. McKinney, Esq.
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm. 3-213
mmckinne@law.nyc.gov
(212) 356-2012


**From:** Samuel C. DePaola <sdepaola@simdepaola.com>
**Sent:** Tuesday, March 15, 2022 10:23 AM
**To:** McKinney, Morgan (Law) <MMcKinne@law.nyc.gov>
**Cc:** Psim . <psim@simdepaola.com>
**Subject:** [EXTERNAL] Payment of City's Expenses ($39.40) for Canceled Deposition of Plaintiff, Glen Carwell (SDNY)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Good morning Ms. McKinney,

Please be advised that my office mailed a check made payable to Veritext (court reporting agency) in the amount of $39.40, instead of to the City of New York, since the invoice provided listed said amount as

still outstanding.

Please let me know if this acceptable to to defendants. If not, please provide proof of payment to Veritext at your earliest convenience, so that I may provide such to Veritext.

Thanks and have a great day.

Yours, *etc.*,

*Samuel C. DePaola, Esq.*

# SIM & DEPAOLA, LLP

*Attorneys-at-Law*

42-40 Bell Boulevard – Suite 405

Bayside, New York 11361

Telephone: (718) 281-0400

Facsimile:  (718) 631-2700

[www.simdepaola.com](www.simdepaola.com)

3/28/22, 4:11 PM                                   Re: [EXTERNAL] Payment of City's Expenses ($39.40) for Canceled Deposition of Plaintiff, Glen Carwell (SDNY)

Case 1:21-cv-00480-VEC   Document 40-4   Filed 03/29/22   Page 10 of 14

Re: [EXTERNAL] Payment of City's Expenses ($39.40) for Canceled Deposition of Plaintiff, Glen Carwell (SDNY)

| | |
|---|---|
| From: | Samuel C. DePaola (sdepaola@simdepaola.com) |
| To: | MMcKinne@law.nyc.gov |
| Cc: | psim@simdepaola.com; snath@simdepaola.com |
| Date: | Thursday, March 17, 2022, 01:51 PM EDT |

The order was also clear that I agreed to pay for defendants' **_actual_** costs, which, as you are aware, do **_not_** include unpaid bills for services rendered.

As such, please provide sufficient proof of payment with respect to the amount of $39.40 claimed as costs incurred by defendants.

Notwithstanding the above, however, please be advised that a second check for $39.40, payable to the order of "New York City Law Department, Fiscal Department," has been placed in the mail.

Yours, *etc*.,

*Samuel C. DePaola, Esq.*

SIM & DEPAOLA, LLP
*Attorneys-at-Law*
42-40 Bell Boulevard – Suite 405
Bayside, New York 11361
Telephone: (718) 281-0400
Facsimile:  (718) 631-2700
`www.simdepaola.com`

> On Thursday, March 17, 2022, 01:03:07 PM EDT, McKinney, Morgan (Law) <mmckinne@law.nyc.gov> wrote:
>
> Good Afternoon Sam,
>
> This form of payment is **not** acceptable to defendants. The Court Order was clear that you were to pay the defendants, not Vertiext, for the deposition cost. If you had a question about this, you should have reached out to me first before mailing out that check. Please mail another check, to be made out to " New City Law Department, Fiscal Department." Please also feel free to void the first check you mailed out. Please also confirm with me through email, once you have placed the second corrected check made out to " New City Law Department, Fiscal Department" in the mail. Thank you.
>
> Best,

Case 1:21-cv-00480-VEC   Document 40-4   Filed 03/29/22   Page 11 of 11

Morgan C. McKinney, Esq.
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm. 3-213
mmckinne@law.nyc.gov
(212) 356-2012

---

**From:** Samuel C. DePaola <sdepaola@simdepaola.com>
**Sent:** Tuesday, March 15, 2022 10:23 AM
**To:** McKinney, Morgan (Law) <MMcKinne@law.nyc.gov>
**Cc:** Psim . <psim@simdepaola.com>
**Subject:** [EXTERNAL] Payment of City's Expenses ($39.40) for Canceled Deposition of Plaintiff, Glen Carwell (SDNY)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Good morning Ms. McKinney,

Please be advised that my office mailed a check made payable to Veritext (court reporting agency) in the amount of $39.40, instead of to the City of New York, since the invoice provided listed said amount as still outstanding.

Please let me know if this acceptable to to defendants. If not, please provide proof of payment to Veritext at your earliest convenience, so that I may provide such to Veritext.

Thanks and have a great day.


Yours, *etc*.,

*Samuel C. DePaola, Esq.*

SIM & DEPAOLA, LLP
*Attorneys-at-Law*
42-40 Bell Boulevard – Suite 405
Bayside, New York 11361
Telephone: (718) 281-0400
Facsimile:  (718) 631-2700
www.simdepaola.com