USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/26/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
GLEN CARWELL,                                                 :
                                      Plaintiff,              :   21-CV-480 (VEC)
                                                              :
                  -against-                                   :
                                                              :   OPINION AND ORDER
CITY OF NEW YORK, CARLOS LOZADA,                              :
AND JOHN OR JANE DOE 1-10,                                    :
                                                              :
                                      Defendants.             :
-------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff asserts that his constitutional rights were violated when he was unlawfully arrested and prosecuted for armed robbery. Plaintiff brings this case pursuant to 42 U.S.C. § 1983 against the City of New York (the "City") and New York Police Department ("NYPD") Detective Carlos Lozada ("Det. Lozada") for false arrest, malicious prosecution, malicious abuse of process, wrongful search and seizure, excessive force, failure to intervene, denial of the right to a fair trial, and conspiracy, as well as parallel state law claims asserted solely against Det. Lozada. *See generally* Compl., Dkt. 1.[1] Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Defs. Not. of Mot., Dkt. 43. For the following reasons, Defendants' motion is GRANTED.

---

[1] Plaintiff originally alleged both federal and state law claims for denial of equal protection, as well as state law claims against the City, but waived those claims in his memorandum opposing summary judgment. *See* Pl. Mem., Dkt. 50, at 2, 25. The Court will, therefore, not address those claims.

Plaintiff also brings claims for municipal liability under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 659 (1978). On March 4, 2022, the Court severed the *Monell* claims and ordered the parties not to brief them pending the Court's resolution of Defendants' motion for summary judgment. *See* Order, Dkt. 37. Plaintiff's *Monell* claims are addressed *infra*, Conclusion.

## BACKGROUND[2]

On November 30, 2016, R.R. was robbed at gunpoint. *See* Defs. Rule 56.1 Statement, Dkt. 44, ¶ 1; Robbery Report, Dkt. 45-2. R.R. reported to the police that he had been robbed by two men: one known to him as Mayback and one whom he did not know. *See* Defs. Rule 56.1 Statement ¶ 2; Robbery Report.

Approximately 18 months later, R.R. reviewed a photo array (the "Photo Array") and identified Plaintiff as one of the two men who robbed him. *See* Defs. Rule 56.1 Statement ¶ 3; Photo Array Reports, Dkt. 51-2. R.R. stated that he was "[a]bsolutely [s]ure" that Plaintiff was one of the robbers and signed the Photo Array viewing reports to that effect. *See* Defs. Rule 56.1 Statement ¶¶ 4–5; Photo Array Reports. Det. Lozada did not conduct the Photo Array. *See* Defs. Rule 56.1 Statement ¶ 6; Lozada Affidavit, Dkt. 45-4, ¶ 5.

On the morning of July 26, 2018, NYPD[3] officers went to Plaintiff's apartment. *See* Defs. Rule 56.1 Statement ¶ 8; Pl. Hearing Tr., Dkt. 45-5, 13:8-25–14:2, 15:14-16. At the front door of the apartment, the police asked Plaintiff if he was Glen Carwell, and Plaintiff answered affirmatively. *See* Defs. Rule 56.1 Statement ¶¶ 11–13; Pl. Hearing Tr. 17:16-25. The police then handcuffed Plaintiff, escorted him to a police vehicle, and transported him to a precinct in the Bronx. *See* Defs. Rule 56.1 Statement ¶¶ 14, 15,18; Pl. Hearing Tr. 18:9-14. Plaintiff's handcuffs were "extremely tight" during the transport, but no police officer otherwise exerted physical force against him. *See* Defs. Rule 56.1 Statement ¶ 19; Pl. Hearing Tr. 19:5-8. Det.

---

[2] Plaintiff does not dispute the facts as set forth in Defendants' Rule 56.1 Statement. *See* Defs. Rule 56.1 Statement, Dkt. 44; Pl. Rule 56.1 Statement Response, Dkt. 52. Plaintiff added three paragraphs in his response to Defendants' Rule 56.1 Statement; Defendants do not dispute those additional facts. *See* Pl. Rule 56.1 Statement Response ¶¶ 26–28.

[3] Plaintiff has not identified the officers who arrested him. *See* Pl. Rule 56.1 Statement Response ¶ 16; Pl. Hearing Tr, Dkt. 45-4, 19:2-4.

Lozada was not present during the arrest or the transport.  *See* Defs. Rule 56.1 Statement ¶ 17; Lozada Affidavit ¶ 6.

Det. Lozada forwarded information about the case to the Bronx District Attorney's Office, all of which he had received from R.R. or other detectives who had worked on the investigation.  *See* Defs. Rule 56.1 Statement ¶ 24; Lozada Affidavit ¶ 9.  Det. Lozada sent a criminal complaint to the prosecutor asserting that Plaintiff committed nine offenses, including robbery and grand larceny.  Criminal Compl., Dkt. 51-3.

Plaintiff was acquitted at trial of all charges.  *See* Pl. Rule 56.1 Response, Dkt. 52, ¶ 26. This lawsuit followed.  *See* Compl.  Following the close of discovery, Defendants moved for summary judgment.  *See* Defs. Not. of Mot.[4]

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986).  "A genuine dispute exists when the evidence is such that, if the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party."  *SEC v. Sourlis*, 851 F.3d 139, 144 (2d Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Summary judgment is appropriate when there can be but one reasonable conclusion as to the verdict, . . . *i.e.*, it is quite clear what the truth is, . . . and no rational factfinder could find in favor of the nonmovant."  *Id.* at 144 (citations and internal quotation marks omitted).

---

[4] Plaintiff did not notice any depositions or serve Defendants with any interrogatories or discovery demands before the close of fact discovery.  *See* Defs. Letter, Dkt. 35, at 1.  Plaintiff also failed to attend his own deposition. *Id.*; Order, Dkt. 37.

## I. Defendants Are Entitled to Summary Judgment on Plaintiff's Claims of False Arrest And Malicious Prosecution

### A. Legal Standard

In analyzing Section 1983 false arrest claims, courts look to the law of the state in which the arrest occurred. *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004). Under New York law, "a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification." *Williams v. N.Y.C.*, No. 02-CV-3693 (CBM), 2003 WL 22434151, at *3 (S.D.N.Y. Oct. 23, 2003) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)), *aff'd*, 120 F. App'x 388 (2d Cir. 2005).

To prevail on a malicious prosecution claim under Section 1983, a plaintiff must establish the elements of a state law malicious prosecution claim and also show a violation of his rights under the Fourth Amendment. *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009). To establish a malicious prosecution claim under New York law, a plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. N.Y.C.*, 612 F.3d 149, 161 (2d Cir. 2010) (citations and internal quotations omitted); *see also Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997).

Probable cause for an arrest "is a complete defense to any action for false arrest or malicious prosecution in New York." *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010). If, as in this case, the arrest "is not made pursuant to a judicial warrant, the defendant . . . bears the burden of proving probable cause as an affirmative defense." *Id.* Probable cause "may be determinable" at summary judgment as a matter of law, however, "if there is no dispute as to the pertinent events and the knowledge of the officers . . . ." *Weyant*, 101 F.3d at 852 (citations

4

omitted); *see also Jenkins v. City of N.Y.*, 478 F.3d 76, 88 (2d Cir. 2007) ("[S]ummary judgment dismissing a plaintiff's false arrest claim is appropriate if the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable."); *Niles v. O'Donnell*, No. 17-CV-1437 (LTS) (BCM), 2019 WL 1411068, at *7 (S.D.N.Y. Feb. 21, 2019) (finding "no difficulty concluding" that defendants had probable cause to arrest the plaintiff based on a potential victim's statements and therefore granting summary judgment on a false arrest claim).

"An officer has probable cause to arrest when he or she has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006) (citing *Weyant*, 101 F.3d at 852). "[I]t is well-established that a law enforcement official has probable cause to arrest if he received information from some person, normally the putative victim or eyewitness," that the person arrested committed an arrestable offense, unless "the circumstances raise doubt as to the [witness's] veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (citing *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)).

### B. Application

Plaintiff's false arrest and malicious prosecution claims fail because there was probable cause for his arrest. Because there is no dispute that R.R. identified Plaintiff as one of the two men who robbed him, law enforcement had reasonably trustworthy information justifying Plaintiff's arrest. "New York courts routinely hold that a victim's photo identification of a person provides the police with probable cause to arrest that person, even where the identification may not be 100% reliable." *Norwood v. Mason*, 524 F. App'x 762, 765 (2d Cir.

2013); *see also Thompson v. City of N.Y.*, 603 F. Supp. 2d 650, 657 (S.D.N.Y. 2009) (granting summary judgment on a false arrest claim because the victim's "identification of [the plaintiff] provided ample probable cause for [his] arrest").

Although evidence that a photo array was unduly suggestive may defeat probable cause, Plaintiff has not made any such allegations in his Complaint, nor offered any evidence to that effect in his opposition to Defendants' motion for summary judgment. Instead, Plaintiff merely argues that his rights were violated if the Photo Array had been unduly suggestive; such speculation is insufficient to carry his burden in the face of a motion for summary judgment. *See Carlisle v. City of Yonkers*, 104 F.3d 352, 352 (2d Cir. 1996) (affirming grant of summary judgment on a false arrest claim because there was no evidence to support the plaintiff's allegation that the photo array from which he was identified was improper); *Davis v. MTA*, No. 06-CV-3643 (DLI) (JO), 2010 WL 1049426, at *4–5 (E.D.N.Y. Mar. 22, 2010) (granting summary judgment on a false arrest claim because the plaintiff was identified from a photo array and the plaintiff did not allege "that this photo array was improperly suggestive, or that the individual defendants committed any malfeasance" even though the plaintiff quarreled with how the photo array had been presented and reviewed).

Because there is no triable question of fact as to whether there was probable cause to arrest and prosecute Plaintiff, Defendants' motion for summary judgment on Plaintiff's claims for false arrest and malicious prosecution claims is granted.

## II. Defendants Are Entitled to Summary Judgment on Plaintiff's Claim for Malicious Abuse of Process

### A. Legal Standard

In New York, to prevail on a claim of malicious abuse of process under Section 1983, a plaintiff must establish that the defendant: "(1) employs regularly issued legal process to compel

performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of N.Y.*, 331 F.3d 63, 76 (2d Cir. 2003) (quoting *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994)).

The Second Circuit has not yet decided whether "probable cause is a complete defense to an abuse-of-process claim under New York law" and has acknowledged "confusion" regarding this issue among courts in this Circuit.[5] *Mangino v. Inc. Village of Patchogue*, 808 F.3d 951, 958–59 (2d Cir. 2015). *See, e.g.*, *Jones v. J.C. Penny's Dep't Stores Inc.*, 317 F. App'x 71, 74 (2d Cir. 2009) (holding that "[t]he conclusion that [the plaintiff] could not prevail on her claims that the officers lacked probable cause for her arrest . . . required dismissal of her . . . claims of abuse of process"); *Hickey v. City of N.Y.*, No. 01–CV–6506 (GEL), 2004 WL 2724079, at *7 (S.D.N.Y. Nov. 29, 2004) ("[T]he existence of probable cause offers a complete defense to [abuse of process]."), *aff'd*, 173 F. App'x 893 (2d Cir. 2006); *Almonte v. City of N.Y.*, No. 03-CV-5078 (ARR), 2005 WL 1229739, at *5 (E.D.N.Y. May 20, 2005) (same). *But see Ying Li v. City of N.Y.*, 246 F. Supp. 3d 578, 618 (E.D.N.Y. 2017) ("The Second Circuit has long recognized that probable cause is not a complete defense to malicious abuse of process.") (citation omitted); *TADCO Const. Corp. v. Dormitory Auth. of N.Y.*, 700 Supp. 2d 253, 275 (E.D.N.Y. 2010) ("The existence of probable cause defeats claims of both false arrest and malicious prosecution, although not claims of abuse of process.") (citations omitted).

Courts that have concluded that the existence of probable cause is not necessarily a complete defense to an abuse-of-process claim have required plaintiffs in such situations to "demonstrate the elements of abuse of process" without "relying on any inference from a

---

[5] The parties do not address this issue in their briefing.

[purported] lack of probable cause." *Rao v. City of N.Y.*, No. 14-CV-7422 (RMM) (LB), 2018 WL 1582289, at *10 (E.D.N.Y. Mar. 29, 2018); *see also Mangino v. Inc. Village of Patchogue*, 814 F. Supp. 2d 242, 248 (E.D.N.Y. 2011) (concluding that "if [a] plaintiff can demonstrate the elements of abuse of process—including intent to harm and a collateral objective—without relying on any inference from a lack of probable cause, then such a claim can survive even with probable cause"); *TADCO Const. Corp.*, 700 Supp. at 276 (concluding that an abuse-of-process claim failed even though the existence of probable cause for the arrest was not necessarily fatal because "the facts that g[ave] rise to probable cause . . . also ma[de] it impossible for [the plaintiff] to adequately plead" an improper purpose for his arrest).

### B. Application

There is no evidence to support Plaintiff's claim of malicious abuse of process because there was probable cause for his arrest and Plaintiff has not advanced an alternative improper purpose for the arrest. As discussed *supra*, there was probable cause to arrest Plaintiff because R.R. identified him from the Photo Array as one of the robbers and there is no evidence that the Photo Array was in any way improper. *See Norwood*, 524 F. App'x at 765; *Carlisle*, 104 F.3d at 352.

Plaintiff argues only that there was an improper purpose for his arrest because there was no probable cause. *See* Pl. Mem., Dkt. 50, at 20–21. The Court need not decide whether the existence of probable cause, as a matter of law, defeats Plaintiff's claim because he has advanced no alternative grounds for malicious abuse of process apart from noting that the case against him "was ultimately dismissed." *Id.* at 21. It is well-established, however, that a criminal defendant's subsequent acquittal has no bearing on the existence *vel non* of probable cause. *See Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) ("The validity of [an] arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted

of the offense for which he is arrested is irrelevant to the validity of the arrest."); *Ampratwum v. City of N.Y.*, No. 11-CV-6111 (DLC), 2013 WL 1935321, at *7 (S.D.N.Y. May 9, 2013) ("Whether a plaintiff was eventually acquitted of the charges against her is not relevant to the probable cause determination."), *aff'd sub nom. Fisher v. City of N.Y.*, 563 F. App'x 6 (2d Cir. 2014).

Because there is no triable question of fact as to whether there was an improper purpose for Plaintiff's arrests, Defendants' motion for summary judgment on Plaintiff's claim for malicious abuse of process is granted.

### III. Defendants Are Entitled to Summary Judgment on Plaintiff's Claims for Wrongful Search and Seizure and Excessive Force

#### A. Legal Standard

The Fourth Amendment to the United States Constitution prohibits "unreasonable" searches and seizures. U.S. Const. amend. IV. "[P]hysical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Payton v. New York*, 445 U.S. 573, 585 (1980) (citation and internal quotation marks omitted). Although "the warrantless arrest of an individual in a public place upon probable cause [does] not violate the Fourth Amendment," *United States v. Santana*, 427 U.S. 38, 42 (1976) (citing *United States v. Watson*, 423 U.S. 411(1976), "[i]t is a basic principle of Fourth Amendment law that . . . seizures inside a home without a warrant are presumptively unreasonable," *Payton*, 445 U.S. at 586 (internal quotation marks omitted).

The Fourth Amendment "prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that Amendment's 'reasonableness' standard." *Brown v. City of N.Y.*, 798 F.3d 94, 100 (2d Cir. 2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). If a reasonable trier of fact could conclude that an officer's use of

force was "objectively unreasonable," then the defendant is not entitled to summary judgment. *Lennon v. Miller*, 66 F.3d 416, 420–21 (2d Cir. 1995).

A prerequisite to a claim for damages under Section 1983, however, is a defendant's "personal involvement" in the alleged constitutional violation. *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). In the context of a disputed arrest, a plaintiff may demonstrate such personal involvement by establishing that the defendant "(i) personally participated in the alleged constitutional violation, (ii) was grossly negligent in supervising subordinates who committed the wrongful acts, or (iii) exhibited deliberate indifference to the rights of the plaintiff by failing to act on information indicating that unconstitutional acts were occurring." *Id.* (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant who lacks "actual or constructive notice" of a constitutional violation, *Wright*, 21 F.3d at 501, may not be held liable for "innocent participation" in an arrest, *Nunez v. City of N.Y.*, 735 F. App'x 756, 759 (2d Cir. 2018) (quoting *Provost*, 262 F.3d at 155).

### B. Application

There is no evidence to support Plaintiff's claims for wrongful search and seizure or excessive force against Det. Lozada because Plaintiff has failed to establish Det. Lozada's personal involvement in the allegedly unconstitutional acts at issue.[6] It is undisputed that Det. Lozada did not participate in Plaintiff's arrest or his transport to the precinct. *See* Defs. Rule 56.1 Statement ¶¶ 17, 20–21; Lozada Affidavit ¶ 6. The only evidence Plaintiff proffers in support of Det. Lozada's purported involvement in the unconstitutional conduct associated with his arrest is: Det. Lozada prepared a report memorializing the Photo Array, *see* Photo Array

---

[6] The Court will assume for these purposes, without deciding, that there is a question of fact whether Plaintiff was inside the threshold of his apartment when he was arrested, *see United States v. Allen*, 813 F.3d 76, 82 (2d Cir. 2016) ("[W]here law enforcement officers have summoned a suspect to the door of his home, and he remains inside the home's confines, they may not effect a warrantless 'across the threshold' arrest in the absence of exigent circumstances."), and that the police used excessive force by handcuffing him too tightly.

Reports at D89–90; another officer noted in the arrest report that he had discussed "the pertinent facts of the case and the impending apprehension plan" with Det. Lozada almost a month before the arrest, *see* Arrest Report, Dkt. 51-1, at D182; and a different officer noted in a report that Det. Lozada "processed" Plaintiff's arrest once Plaintiff arrived in the precinct, *see id.* at D212. These facts are insufficient for Plaintiff's claims to proceed past summary judgment.

   Det. Lozada's involvement with the Photo Array does not establish his personal involvement in Plaintiff's allegedly unconstitutional arrest because the Photo Array is disconnected from the alleged constitutional violations at issue: whether Plaintiff was subjected to a warrantless arrest inside his home and whether excessive force was used during the arrest. *See Nunez*, 735 F. App'x at 759 (affirming summary judgment when an officer's "alleged role in the photo identification leading to [the plaintiff's] arrest" did not demonstrate personal involvement in an allegedly unconstitutional arrest because there was no evidence that the identification procedure was suggestive); *Columna v. City of N.Y.*, No. 19-CV-3801 (MKV), 2022 WL 767103, at *4 (S.D.N.Y. Mar. 14, 2022) (granting summary judgment on excessive force claim based on a purported injury sustained on the way to the police precinct because it was undisputed that the defendant officers did not drive the plaintiff to the precinct or injure him).

   The fact that Det. Lozada discussed Plaintiff's case and an "apprehension plan" with another officer well before the arrest took place is not sufficient to create a question of fact for trial. Plaintiff has presented no evidence that Det. Lozada had any role in determining how Plaintiff would be arrested once the officers reached his home or how he would be treated after he was arrested. Simply discussing an apprehension plan does not establish personal

involvement in the purportedly unconstitutional aspects of the arrest.⁷ *See Hicks v. City of Buffalo,* 124 F. App'x 20, 23–24 (2d Cir. 2004) (summary order) (granting summary judgment on an improper search and seizure claim against a sheriff who was not present during the search); *Grant v. City of N.Y.*, No. 15-CV-3635 (ILG) (ST), 2019 WL 1099945, *7 (E.D.N.Y. Mar. 9, 2019) (granting summary judgment on a false arrest claim because there was "no evidence that [the defendant officer] was at the scene of the arrest, or that she was even involved in the canvass and show-up that led to the arrest" even though the officer "was involved in the pre-arrest phase of the investigation to at least some extent") (citation omitted); *Harris v. City of N.Y.*, No. 15-CV-8456 (CM), 2017 WL 6501912, at*4 (S.D.N.Y. Dec. 15, 2017) (granting summary judgment on a false arrest claim because although the defendant may have "arrived at the scene" of the arrest, there was no evidence that he "played any direct role in the arrest"); *cf. Provost*, 262 F.3d at 155–56 (affirming summary judgment even though the defendant was present in police headquarters "acting in a supervisory role throughout" the allegedly violative arrest, instructed another officer to handle the matter, and was "a few feet behind" the plaintiff when he was arrested by a different officer; those facts were insufficient to create a question of fact regarding the defendant's personal involvement in the illegal arrests).

Det. Lozada's processing of arrest paperwork after Plaintiff's constitutional rights were allegedly violated also does not create a triable question of fact. *See Cruz v. City of N.Y.*, 232 F. Supp. 3d 438, 455–56 (S.D.N.Y. 2017) (granting summary judgment on a claim of false arrest because, although the officer was listed as the arresting officer in arrest records and processed the arrest, he was "not among the group of officers that initially barged into [the plaintiff's]

---

⁷ Plaintiff asserts that Det. Lozada "directed the NYPD warrant squad to apprehend and arrest Plaintiff" and that he "was aware of the means and on-going attempts to apprehend Plaintiff" during the month he was arrested. Pl. Mem. at 8. Because Plaintiff provides no evidence to support those assertions, they do not create a question of fact.

12

apartment with guns drawn, placed [the plaintiff] in handcuffs, and then threw him onto the floor") (internal quotation marks and citation omitted); *Drayton v. City of N.Y.*, No. 17-CV-7091 (RRM) (RLM), 2020 WL 2615930, at *5 (E.D.N.Y. May 20, 2020) (dismissing false arrest claim against an officer who signed arrest documents but was not present when the plaintiff was arrested).[8]

Because there is no evidence that Det. Lozada was personally involved in the allegedly unconstitutional intrusion into Plaintiff's home or the alleged use of excessive force, Defendants' motion for summary judgment on the claims for wrongful search and seizure and excessive force is granted.

### IV. Defendants Are Entitled to Summary Judgment on Plaintiff's Claim of Failure to Intervene

#### A. Legal Standard

To prevail on a claim of failure to intervene under Section 1983, a plaintiff must show that the defendant saw and had reason to know that: (1) excessive force was being used, or a person was being wrongfully arrested, or a constitutional violation was being committed; and (2) the officer had a realistic opportunity to intervene and prevent the harm from occurring. *Universal Calvary Church v. City of N.Y.*, No. 96-CV-4606 (RPP), 2000 WL 1538019, at *9 (S.D.N.Y. Oct. 17, 2000) (citing *Anderson v. Branen*, 17 F.3d 552 (2d Cir. 1994)); *see also O'Neill v. Krzeminski*, 839 F.2d 9, 11–12 (2d Cir. 1988) (affirming grant of summary judgment

---

[8] The cases Plaintiff cites, all of which are decisions on motions to dismiss, are not in tension with the Court's conclusion. *See Shaheed v. City of N.Y.*, 287 F. Supp. 3d 438, 449 n.6, 453 (S.D.N.Y. 2018) (denying a motion to dismiss where the officer who processed the plaintiff's arrest paperwork also "observ[ed]" the arrest and defendants conceded her personal involvement in the arrest for the purposes of the plaintiff's false arrest claim and granting a motion to dismiss the excessive force claim because there was "no allegation that [the officer] applied (or threatened to apply) any force at all"); *Arbuckle v. City of N.Y.*, No. 14-CV-10248 (ER), 2016 WL 5793741, at *13 (S.D.N.Y. Sept. 30, 2016) (denying a motion to dismiss because the plaintiff adequately alleged personal involvement in a false arrest); *Marom v. City of N.Y.*, No. 15-CV-2017 (PKC), 2016 WL 916424, at *16 (S.D.N.Y. Mar. 7, 2016) (denying a motion to dismiss because the plaintiff alleged that the officers submitted "false statements" in the arrest paperwork).

with respect to a claim based on excessive force an officer "had no realistic opportunity to attempt to prevent").

### B. Application

Plaintiff's claim for failure to intervene fails as a matter of law because it is uncontested that Det. Lozada was not present during Plaintiff's arrest.[9] Plaintiff has not proffered any evidence that Det. Lozada had an opportunity to prevent the allegedly unconstitutional arrest at Plaintiff's home or the alleged use excessive force during the arrest. *See Mikulec v. Town of Cheektowaga*, 909 F. Supp. 2d 214, 222 (W.D.N.Y. 2012) (granting summary judgment because although the plaintiff could establish officers' presence at the scene of his arrest, he could not establish that they "witnessed the alleged abuse or had an opportunity to stop it") (citation omitted); *Foy v. City of N.Y*, No. 03-CV-7318 (HB), 2004 WL 2033074, at *3 (S.D.N.Y Sept. 10, 2004) (granting summary judgment on claim of failure to intervene in part because the plaintiff "alleged no details regarding [the] failure to intervene"); *Universal Calvary Church*, 2000 WL 1538019, at *9 (granting summary judgment on claim of failure to intervene because there was no evidence that any defendant was present at the time of the allegedly unconstitutional treatment, was aware of the mistreatment or had a reasonable opportunity to intervene and prevent it).

Because there is no evidence that Det. Lozada was present or knew of the allegedly unconstitutional arrest or use of excessive force or had any opportunity to prevent either,

---

[9] The Court construes the Complaint as alleging failure to intervene with respect to the arrest that allegedly occurred inside Plaintiff's home and the alleged use of excessive force during the arrest. To the extent Plaintiff intended to allege a failure to intervene with respect to an arrest not supported by probable cause, Defendants would still be entitled to summary judgment because probable cause clearly existed for Plaintiff's arrest. *See Feinberg v. City of N.Y.*, No. 99-CV-12127 (RC), 2004 WL 1824373, at *4 (S.D.N.Y. Aug. 13, 2004) (granting defendants' motion for summary judgment on a failure-to-intervene claim because defendants had probable cause to arrest the plaintiff).

Defendants' motion for summary judgment as to Plaintiff's claim of failure to intervene is granted.

V. **Defendants Are Entitled to Summary Judgment on Plaintiff's Claim of a Denial of his Right to a Fair Trial**

A. **Legal Standard**

To prove a claim of denial of the right to a fair trial the plaintiff must prove that the defendant provided the prosecutor "fabricated evidence that [was] likely to influence a jury's decision," and the plaintiff "suffered a deprivation of liberty as a result." *Perez v. Duran*, 962 F. Supp. 2d 533, 543 (S.D.N.Y. 2013) (cleaned up) (quoting *Jovanovic v. City of N.Y.*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order)).

B. **Application**

Plaintiff has no evidence to support this claim; he speculates that it is "possible" Det. Lozada "forwarded fabricated information to prosecutors" because Plaintiff was eventually acquitted. Pl. Mem. at 21. Such speculation is insufficient to create a question of fact at the summary judgment stage. *See Debrosse v. City of N.Y.*, 739 F. App'x 48, 51 (2d Cir. 2018) (summary order) (affirming grant of summary judgment on a fair trial claim because it was "based largely on conclusory, speculative allegations" rather than admissible evidence); *Greene v. City of N.Y.*, No. 08-CV-243 (AMD) (CLP), 2017 WL 1030707, at *25 (E.D.N.Y. Mar. 15, 2017), *aff'd*, 742 F. App'x 532 (2d Cir. 2018) (granting summary judgment on a fair trial claim because the plaintiff's assertion that officers deliberately falsified evidence was based on "sheer speculation, and [did] not create a material issue of fact for trial").

Because there is no evidence that Det. Lozada falsified evidence, Defendants' motion for summary judgment on Plaintiff's claim of denial of the right to a fair trial is granted.

## VI. Defendants Are Entitled to Summary Judgment on Plaintiff's Conspiracy Claim

### A. Legal Standard

To prevail on a conspiracy claim under Section 1983,[10] a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (citations omitted). "To survive a motion for summary judgment, a plaintiff's evidence of a § 1983 conspiracy must, at least, reasonably lead to the inference that the defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Randle v. Alexander*, 170 F. Supp. 3d 580, 591 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).

### B. Application

Plaintiff asserts that Det. Lozada "conferred with other detectives to arrest Plaintiff and initiate prosecution that spanned close to fifteen (15) months," Pl. Mem. at 24, but cites minimal evidence in support of this assertion: a police report that noted that Det. Lozada discussed Plaintiff's arrest weeks before it took place, and a police report that stated Det. Lozada processed Plaintiff's arrest paperwork after he was arrested, *see* Arrest Report at D182, D212. Those facts do not tend to show that Det. Lozada agreed to engage in unconstitutional conduct with other officers, which is the *sine qua non* of a conspiracy claim. *See Fobbs v. City of N.Y.*, No. 15-CV-6736 (PKC), 2017 WL 2656207, at *7 (S.D.N.Y. June 19, 2017) (granting summary judgment on a Section 1983 conspiracy claim because "[t]he mere fact that multiple people were involved in the events giving rise to [the plaintiff's] complaint" did not establish a conspiracy); *McGee v.*

---

[10] Plaintiff concedes that he cannot bring a conspiracy claim under another section of the U.S. Code. *See* Pl. Mem. at 23–24.

*Dunn*, No. 09-CV-6098 (FPS), 2015 WL 9077386, at *11 (S.D.N.Y. Dec. 16, 2015) (granting summary judgment on a Section 1983 conspiracy claim because the plaintiff relied on "conclusory allegations"); *cf. Mingo v. Augustyn*, No. 19-CV-0211 (LJV), 2021 WL 2446856, at *15 (E.D.N.Y. June 16, 2021) (granting summary judgment on a Section 1985 conspiracy claim because the plaintiff failed to adduce any evidence that the defendants, who participated in the plaintiff's arrest, "agreed . . . to deprive him of his civil rights").

Because there is no evidence that Det. Lozada conspired to deprive Plaintiff of his constitutional rights, Defendants' motion for summary judgment on Plaintiff's Section 1983 conspiracy claim is granted.

### VII. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Because Defendants are entitled to summary judgment on all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's parallel state law claims. Plaintiff's state law claims are therefore DISMISSED without prejudice. *See Vail v. City of N.Y.*, No. 18-CV-11822 (VEC) (SLC), 2020 WL 3547736, at *2 (S.D.N.Y. June 30, 2022) (declining to exercise supplemental jurisdiction over a plaintiff's state law claims because all of his federal claims were dismissed).

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. All of Plaintiff's federal claims, except for his municipal liability claims under *Monell* that were severed, are DISMISSED with prejudice. All of Plaintiff's state law claims are DISMISSED without prejudice.

Not later than **Friday, February 10, 2023**, Plaintiff must show cause why his municipal liability claims under *Monell* should not be dismissed, or the Court will dismiss those claims with prejudice and close the case.

The Clerk of Court is respectfully directed to close the open motion at Dkt. 43.

**SO ORDERED.**

| | |
|---|---|
| Date: **January 26, 2023**<br>**New York, New York** | _____<br>**VALERIE CAPRONI**<br>**United States District Judge** |