USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/23/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
GLEN CARWELL,                                                  :
                              Plaintiff,                   :      21-CV-480 (VEC)
                                                                                    :
                     -against-                                    :
                                                                                    :      ORDER
CITY OF NEW YORK, CARLOS LOZADA,                               :
AND JOHN OR JANE DOE 1-10,                                     :
                                                                                    Defendants.  :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on January 26, 2023, the Court granted Defendants' motion for summary judgments, dismissing all of Plaintiff's claims except for his municipal liability claims under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 659 (1978), which were severed, *see* Opinion & Order, Dkt. 54, at 17;

       WHEREAS the Court ordered Plaintiff to show cause why his municipal liability claims under *Monell* should not be dismissed not later than February 10, 2023, *id.* at 18;

       WHEREAS Plaintiff failed to respond to the Court's order;

       WHEREAS on February 14, 2023, the Court extended the deadline until February 17, 2023, for Plaintiff to show cause why his *Monell* claims should not be dismissed; *see* Order, Dkt. 45;

       WHEREAS to date, Plaintiff has not responded to either of the Court's orders to show cause;

       WHEREAS to establish a municipal liability claim under *Monell*, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to

be subjected to (3) a denial of a constitutional right," *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007));

WHEREAS Plaintiff alleges in his Complaint that the City of New York (the "City") maintained "a policy or custom that caused Plaintiff to be deprived of his civil rights[,]" that the City's employee police officers "engaged in an illegal pattern and practice of misconduct," that the City "failed to provide adequate training or supervision" to its employees, and that the City's conduct violated Plaintiff's civil rights, but does not otherwise allege facts that would substantiate these conclusory allegations, Compl., Dkt. 1, ¶¶ 182–89;

WHEREAS Plaintiff did not notice any depositions or serve Defendants with any interrogatories or discovery demands before the close of fact discovery, *see* Defs. Letter, Dkt. 32, at 1, and Plaintiff also failed to attend his own deposition, *id.*; Order, Dkt. 37;

WHEREAS municipal liability does not lie if the alleged constitutional injury is caused by named individual defendants who are found not liable, even if "departmental regulations might have authorized the [unconstitutional practice]," *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Curley v. Village of Suffern*, 268 F.3d 65, 71 (2d Cir. 2001) ("[A] municipality cannot be liable for inadequate training or supervision when the officers involved in making an arrest did not violate the plaintiff's constitutional rights.") (citation omitted);

WHEREAS a plaintiff's failure to support his *Monell* claims of inadequate policies and practices or supervision and training with "any evidence" at summary judgment warrants dismissal of the *Monell* claims, *Fuentes v. Schemmer*, No. 18-CV-8207 (PMH), 2023 WL 188739, at *14 (S.D.N.Y. Jan. 13, 2023) (noting that "[n]ot a single deposition witness ha[d] testified" to such evidence and "no other documentary evidence" had been cited); *see also Rivera v. Westchester Cnty.*, No. 18-CV-8354 (KMK), 2019 WL 3958425, at *5 (S.D.N.Y. Aug. 22, 2019) (holding that a plaintiff's "boilerplate assertion" that a municipality "failed to train and

supervise its staff . . . [was] insufficient, without more, to state a *Monell* claim"); *Sutton v. City of Yonkers*, No. 13-CV-0801, 2015 WL 390189 (GWG), at *5 (S.D.N.Y. Jan. 26, 2015) ("A plaintiff's conclusory allegations of municipal liability will not defeat a motion for summary judgment on a *Monell* claim.") (cleaned up), *report and recommendation adopted*, No. 13-CV-0801 (GBD), 2015 WL 876459 (S.D.N.Y. Mar. 2, 2015); and

WHEREAS district courts "have the discretion to grant summary judgment sua sponte, even without notice in certain circumstances[,]" S*chwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Intern. Corp.*, 401 F.3d 28, 33 (2d Cir. 2005) (citation omitted); *see also* Fed. R. Civ. P. 56(f)(1) ("After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant.");

IT IS HEREBY ORDERED that because Plaintiff was repeatedly given notice and a reasonable time to respond to the Court's orders to show cause why his *Monell* claims should not be dismissed at summary judgment, and because his *Monell* claims lack an underlying constitutional violation and evidence to substantiate his conclusory allegations, Plaintiff's *Monell* claims are DISMISSED with prejudice.

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Date:  **February 23, 2023**
       **New York, New York**

_____
          **VALERIE CAPRONI**
          **United States District Judge**